NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 1 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY FRITHIOF SUNDBERG, | No. 19-55371 |
| Petitioner-Appellant, | |
| v. | D.C. No. 3:16-cv-03127-WQH-AGS |
| HAROLD OREOL, Executive Director of Patton State Hospital, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted March 31, 2020**
Pasadena, California

Before: BEA and BADE, Circuit Judges, and McCALLA,*** District Judge.

Kelly Sundberg appeals the dismissal of his petition for writ of habeas

corpus. The district court entered a certificate of appealability pursuant to 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

U.S.C. § 2253(c). We have jurisdiction under 28 U.S.C. § 1291, review de novo, *Stewart v. Cate*, 757 F.3d 929, 934 (9th Cir. 2014), and affirm.

**1.** Sundberg does not qualify for equitable tolling, and his habeas petition was time barred because it was not filed within the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). A statute of limitations may be equitably tolled if a petitioner meets two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). To satisfy the diligence requirement, the petitioner "must show that he has been reasonably diligent in pursuing his rights . . . up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc).

Here, the one-year limitations period started on May 6, 1999, when the deadline for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A). Sundberg's federal habeas petition was filed more than seventeen years later, on December 19, 2016. Sundberg cannot show that he diligently pursued his rights during the nearly six-year period from July 2006 to May 2012, the time beginning after his second California habeas petition was denied and continuing until he filed his third habeas petition in the superior court. Nor can he show that he diligently pursued his rights during the four years between June 2012 and July 2016, starting

2

after his third California habeas petition was denied and lasting until he filed his fourth petition in the superior court. Sundberg's failure to pursue his rights diligently in these multi-year periods, which collectively lasted a decade, is conclusive that he failed to pursue his rights diligently "up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 599.

**2.** Sundberg does not qualify for the miscarriage of justice exception to the one-year limitations period in 28 U.S.C. § 2244(d)(1). This exception applies only when the habeas petitioner's claim falls within "a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner]'" in light of the new evidence. *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)). A successful claim under the miscarriage of justice exception "requires a petitioner 'to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (quoting *Schlup,* 513 U.S. at 324). Procedural violations alone do not trigger this exception to the limitations period, and "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court

3

to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see also Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

Sundberg's invocation of the miscarriage of justice exception fails because he complains only of a due process violation and presents no new evidence that he was innocent of attempted murder. Moreover, his due process argument fails on its own terms. The bifurcated bench trial that assumed Sundberg's sanity during the guilt phase, before addressing in the sanity phase whether he was not guilty by reason of insanity, *see* Cal. Penal Code § 1026(a), did not result in a conclusive presumption that Sundberg harbored the requisite mental state to commit murder. *See People v. Mills*, 55 Cal. 4th 663, 681 (2012) ("The defendant is presumed sane [in the guilt phase] for *procedural* purposes, not for any evidentiary purpose."). This case is readily distinguishable from *Patterson v. Gomez*, 223 F.3d 959, 966–67 (9th Cir. 2000), where the issue was a confusing jury instruction and not the overall validity of the process by which California courts may decide a defendant's factual guilt before addressing whether the defendant was not guilty by reason of insanity.

**3.** Denying Sundberg's habeas petition as untimely does not violate the Suspension Clause. As we have previously held, "[t]he one-year limitation [in 28 U.S.C. § 2244(d)(1)] does not violate the Suspension Clause because it is not jurisdictional and may be subject to equitable tolling." *Green v. White*, 223

4

F.3d 1001, 1003–04 (9th Cir. 2000). Sundberg was afforded the same opportunities as all other petitioners to have the filing deadline equitably tolled, or excused to avoid a miscarriage of justice, had he met the requirements for either form of relief.

**AFFIRMED**.